**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| 1524948 ALBERTA LTD, an | ) | |
| Alberta, Canada corporation d/b/a | ) | |
| Terra Marketing Group, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-02735-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| AMANDA LEE, an individual; | ) | |
| JOHN DOES 1 through 50, real names | ) | |
| unknown, the owner(s), proprietors(s), | ) | |
| and/or author(s) of the website known | ) | |
| as "pennyauctionwatch.com," | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Pursuant to Local Rule 7.2(E) and 28 U.S.C. § 1292, Defendant Amanda Lee respectfully submits this Motion for Reconsideration or, in the Alternative, to Certify the Court's July 18, 2011 Order (Doc. 20) to permit Defendant Lee to immediately appeal the Order to the Eleventh Circuit.

The legal issue at the center of the Order is whether Plaintiff's Complaint is subject to Georgia's anti-SLAPP statute, O.C.G.A. § 9-11-11.1. Defendant Lee understands that, under Local Rule 7.2, motions for reconsideration, "shall not be filed as a matter of routine practice." Defendant Lee submits that the applicability

of the anti-SLAPP statute is sufficiently important to merit the unusual step of reconsideration, as it is dispositive of Plaintiff's remaining claims.  If, upon reconsideration, the Court determines that this issue was not correctly decided, Plaintiffs' Complaint will be dismissed as a matter of law.

In the alternative, as this is a dispositive issue of law, appeal to the Eleventh Circuit at this time will materially advance the termination of the case. Accordingly, Defendant Lee alternatively respectfully requests that the Court certify its July 18, 2011 Order, and stay the proceedings, to permit an immediate interlocutory appellate review.  See F.R.A.P. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the requested permission or statement."); 28 U.S.C. §1292(b).

Pursuant to Local Rule 7.1, a Memorandum of Law is submitted in support of this Motion.

Dated this 1st day of August, 2011.

FOR:  DOW LOHNES PLLC

s/Lesli N. Gaither
Peter C. Canfield
  Georgia Bar No. 107748
Thomas M. Clyde
  Georgia Bar No. 170955
Lesli N. Gaither
  Georgia Bar No. 621501

Six Concourse Parkway
Atlanta, Georgia 30328-6117
(770) 901-8800

Attorneys for Defendant Amanda Lee

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| 1524948 ALBERTA LTD, an | ) | |
| Alberta, Canada corporation d/b/a | ) | |
| Terra Marketing Group, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-02735-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| AMANDA LEE, an individual; | ) | |
| JOHN DOES 1 through 50, real names | ) | |
| unknown, the owner(s), proprietors(s), | ) | |
| and/or author(s) of the website known | ) | |
| as "pennyauctionwatch.com," | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Defendant Amanda Lee, by and through counsel, respectfully submits this memorandum in support of her Motion for Reconsideration or, in the Alternative, to Certify Order for Interlocutory Appeal.

## INTRODUCTION

Penny Auction Watch, at pennyauctionwatch.com, serves as a clearinghouse of information, comments and education on the penny auction industry, and encourages people to contact authorities and file complaints against fraudulent penny auctions. This action is based on content posted on Penny Auction Watch

regarding one of Plaintiff's many companies, SwipeBids.com. (Doc. 20 at 3). Specifically, Plaintiff has alleged seven cause of action against Penny Auction Watch, two of which have now been dismissed, including for false advertising, defamation, and tortious interference. (Doc. 1, Counts I-VII; Doc. 20 at 12-26).

Plaintiff's Complaint, had it been filed in state court in Georgia, would be subject to O.C.G.A. § 9-11-11.1, Georgia's anti-SLAPP statute, and would likely have been dismissed for failure to file the requisite verifications or otherwise comply with its directives.

A primary issue in Defendant's Motion to Dismiss, and in the Court's July 18, 2011 Order, was whether this same statute should apply in federal court.

This Court concluded, contrary to other cases in this Circuit, that the anti-SLAPP statute was inconsistent with Rule 8 of the Federal Rules of Civil Procedure and therefore inapplicable in this case. (Doc. 20 at 5-8). The Eleventh Circuit has yet to address the issue. Because the anti-SLAPP statute in no way alters or amends the pleading requirements of Rule 8, this Court should reconsider its decision.

Alternatively, because the Court's determination is "a controlling question of law as to which there is substantial ground for difference of opinion" and one

that "may materially advance the ultimate termination of the litigation," 28 U.S.C.

§1292(b), the Order should be certified for immediate appeal.

## ARGUMENT AND CITATION OF AUTHORITY

### I.   THE ANTI-SLAPP STATUTE IS APPLICABLE IN FEDERAL COURT.

Defendant sought dismissal of Plaintiff's claims for failure to comply with

the Georgia anti-SLAPP statute, O.C.G.A. §9-11-11.1.  As explained in the Court's

Order:

> Georgia's anti-SLAPP statute was enacted to ensure "that the valid exercise
> of the constitutional rights of freedom of speech and the right to petition
> government for redress of grievances [are] not …chilled through above of
> the judicial process."  To further this goal, the statute requires "that the
> claimant file a written verification containing several certifications."  If a
> claim is not verified, then the Court must strike the claim "unless it is
> verified within ten days after the omission is called to the attention of the
> party asserting the claim."

(Doc. 20 at 6 (internal citations omitted)).  No verifications were filed in this case,

and accordingly, the claims were subject to dismissal.

The Court concluded, however, relying on Adventure Outdoors, Inc. v.

Bloomberg, 519 F. Supp.2d 1258 (N.D. Ga. 2007), rev'd on other grounds, 552

F.3d 1290 (11th Circuit 2008), that O.C.G.A. §9-11-11.1 is inconsistent with Rule

8 and therefore inapplicable in federal court.

The Court should reconsider its ruling that Georgia's anti-SLAPP statute – a law clearly intended to provide substantive protection against, *inter alia*, being improperly hauled into court based on comments in furtherance of the right of petition– does not apply in this case.

As the Eleventh Circuit just last month reiterated, the analysis of whether a state rule like the anti-SLAPP statute should apply in federal court requires a two-part test. First, a court must determine whether the state statute in question is in "conflict" with a federal rule. Horowitch v. Diamond Aircraft Indus., Inc., No. 10-12931, 2011 WL 2638142, at *3 (11th Cir. July 7, 2011). To make that determination, a court must determine whether the federal rule is "sufficiently broad to control the issue before the court[;]" if so, and the federal rule conflicts with the state law, the federal rule must apply. Burke v. Smith, 252 F.3d 1260, 1265 (11th Cir. 2001) (citation omitted). If no conflict exists, the state statute must be applied if the failure to do so would lead to "different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping." Id. (quoting Cohen v. Office Depot, Inc., 184 F.3d 1292, 1297 (11th Cir. 1999)); Horowitch, 2001 WL 2638142, at *3 (apply state law if failure to do so would "be likely to cause a plaintiff to choose the federal court") (citation

omitted).  Defendant respectfully submits that under this test, there is no conflict

between the anti-SLAPP statute and Rule 8.

### A. Federal Rule of Civil Procedure 8 Is Not In Conflict with the Georgia Anti-SLAPP Statute's Verification Requirement.

The anti-SLAPP statute does not impose any additional pleading

requirements above and beyond the notice pleading requirements of Rule 8.

Rather, the anti-SLAPP statute requires that the plaintiff file a verification

independent of the complaint.[1]  The verification must confirm that the plaintiff's

claim – which itself is still pleaded in conformity with the requirements of Rule 8 –

does not attack privileged speech and is not being filed for the improper purpose of

suppressing the exercise of First Amendment rights.  O.C.G.A. § 9-11-11.1.  The

authorities relied on in Adventure Outdoors and the Court's Order are thus

distinguishable.

Caster v. Hennessey, 781 F.2d 1569 (11th Cir. 1986), for example, involved

a Florida pleading rule specifically requiring more than mere notice pleading in

complaints filed in defamation cases.  Id. at 1570.  In other words, the rule

encroached directly on a realm that Rule 8(a) is "sufficiently broad to control" –

---

[1]  The anti-SLAPP statute additionally contains an attorneys' fee-shifting provision, which are nearly universally applied in federal court.  See Horowitch, 2011 Wl 2638142, at *5 (collecting cases).

the contents of and degree of specificity required *in the complaint itself* – and sought to impose a conflicting rule.  Id.  It was this irreconcilable conflict over what facts must be pled in the complaint that resulted in a direct collision between the Federal Rules and state law and that foreclosed the application of the state law. Id.[2]

Baird v. Celis, 41 F. Supp. 2d 1358 (N.D. Ga. 1999), is similarly distinguishable.  Baird examined a Georgia statute requiring the plaintiff in a medical malpractice case to submit an expert affidavit along with the complaint. Importantly, the statute specifically required additional *substantive facts*: the specific acts of negligence that the defendant is alleged to have committed along with the factual basis for finding those acts to be negligent.  See O.C.G.A. § 9-11-9.1.  The Baird court held that the requirement that the plaintiff must set forth detailed evidentiary material addressing the basis for the malpractice was essentially a pleading requirement.  41 F. Supp. 2d at 1361.  The Southern District

---

[2]  Caster is distinguishable on the additional grounds that the Georgia anti-SLAPP verification *is not* part of the complaint, but is a separate document filed contemporaneously with the complaint, or, if plaintiff fails to file contemporaneously, within 10 days after the omission is called to its attention. O.C.G.A. § 9-11-11.1.  Again, the complaint itself need contain nothing more or less than what Rule 8 requires.  See Horowitch, 2011 WL 2638142, at *4 (finding that Florida Rule of Civil Procedure 1.442(c)(2)(F), which "prescribes specific, substantive terms that an offer of judgment must include" applies in federal court).

has likewise ruled that statute inapplicable in federal proceedings because "*[i]n requiring the plaintiff to plead evidence*, § 9-11-9.1 runs directly afoul of the pleading standard set out in Federal Rule 8." Boone v. Knight, 131 F.R.D. 609, 611 (S.D. Ga. 1990) (emphasis added).[3]

The verification required by the Georgia anti-SLAPP statute at issue here is entirely different:  it merely requires that the plaintiff specifically certify, *inter alia*, that "the act forming the basis for the claim is not a privileged communication" and that the claim is not being brought "to suppress a person or entity's right of free speech or right to petition government . . . ." O.C.G.A. § 9-11-11.1.  The substantive facts relating to the claim itself – which are set forth in the independently-filed complaint – can be pled with as much or as little detail as Rule 8 requires; notice pleading is unaffected.  There is simply no conflict between the verification required by the Georgia anti-SLAPP statute and the notice pleading requirements of Rule 8.  Accord Chamberlin v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000) (holding that a medical affidavit of merit statute was not in conflict with Rule 8(a) because, *inter alia*, the required affidavit "does not contain a statement of

---

[3] Stuborn Ltd. Partnership v. Bernstein, which provides almost no substantive analysis, deals with a different state's anti-SLAPP statute, the contents of which are significantly different than Georgia's anti-SLAPP statute and impose no verification requirement.  245 F. Supp. 2d 312 (D. Mass. 2003).

the factual basis for the claim [and its] purpose is not to give notice of the

plaintiff's claim . . . .").

Numerous other federal courts have held that similar state "certificate of

merit" requirements do not conflict with the Federal Rules and can be applied in

federal courts.  See, e.g., Trierweiler v. Croxton and Trench Holding Corp., 90

F.3d 1523 (10th Cir. 1996) (applying statute requiring filing of good faith

certificate within 60 days of filing of complaint to federal court action); Finnegan

v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247 (W.D.N.Y. 1998) (holding that

state statute requiring affidavit of merit to be filed with medical malpractice claim

applied in federal court); Clark v. Sarasota County Pub. Hosp. Bd., 65 F. Supp. 2d

1308 (M.D. Fla. 1998) (same); Hill v. Morrison, 870 F. Supp. 978 (W.D. Mo.

1994) (applying statute requiring affidavit of merit to be filed within 90 days of

filing of complaint to federal court action).  Such certificates of merit are directly

analogous to the anti-SLAPP verification requirement at issue here. [4]

---

[4]  The Court's Order notes its disagreement with Buckley v. DIRECTV, Inc., 276
F.Supp.2d 1271 (N.D. Ga. 2003), based on Buckley's reliance on Newsham v.
Lockheed Missles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999).  Defendant
does not disagree that the California anti-SLAPP statute at issue in Newsham is
different for Georgia's anti-SLAPP statute.  As discussed fully in Defendant's
Reply Brief (Doc. 15 at 3-8) and herein, Georgia's anti-SLAPP statute is much
more akin to "affidavit of merit" requirements, which courts routinely conclude do
not conflict with Rule 8.

By requiring the filing of a verification as a prerequisite to maintaining an action arising from acts in furtherance of the right of free speech or the right to petition the government for redress of grievances, the Georgia anti-SLAPP statute furthers its plainly substantive aim of protecting core First Amendment activities from abusive litigation.  It does so by foreclosing a class of claims – those for which the plaintiff is unwilling to warrant at the outset that he is not attempting to burden or suppress the defendant's First Amendment rights.  Although the statute employs some procedural tools to accomplish this substantive goal, this does not warrant treating it as a mere procedural device.

The aim of the portion of the anti-SLAPP statute that automatically dismisses unverified claims is to prohibit claims that the plaintiff will not or cannot attest are not made for the purpose of suppressing First Amendment rights.  Therefore, it does not conflict with the federal rules.  The anti-SLAPP statue and the federal rules can exist comfortably alongside one another, "each controlling its own intended sphere of coverage without conflict."  Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980).  Accord Burke, 252 F.3d 1260 (holding that federal rule governing the representation of minors by third parties does not address settlements and therefore does not conflict with Alabama state requirement that settlements made on behalf of minors must be approved in a special fairness

procedure not provided for under the federal rules); <u>Chamberlin</u>, 210 F.3d at 160

(holding that medical affidavit of merit statute not in conflict with federal rules

where purpose of statute is "to assure that malpractice claims for which there is no

expert support will be terminated at an early stage in the proceedings"). There is

no conflict between the verification requirement of the Georgia anti-SLAPP statute

and Rule 8, and the verification requirements therefore should apply to this case.

**B.      Failure to Apply the Anti-SLAPP Statute in Federal Court Would Lead to Inequitable Administration of The Laws and Forum Shopping.**

The second element of the test applied in <u>Horowitch</u> – whether the

verification requirement of Georgia's anti-SLAPP statute would be "unfair not to

apply [ ] in federal court" – clearly points in favor of applying the statute here.

The core purposes of the anti-SLAPP statute – preventing abusive legal claims

attacking the exercise of speech and petition rights in connection with matters of

public importance – will be thwarted if would-be plaintiffs can side-step the statute

merely by filing in federal court.

Indeed, if federal courts were available for the filing of unverified claims,

plaintiffs seeking to file the very kind of abusive lawsuits that Georgia sought to

foreclose via the anti-SLAPP statute would have an open invitation to make

otherwise-barred claims.  <u>See Hill</u>, 870 F. Supp. at 982 (holding that "failure to

apply the state [affidavit of merit] statute would without doubt encourage forum-shopping in connection with those lawsuits the statute was intended to identify and discourage, that is, those lacking even color of merit").  Likewise, defendants unlucky enough to be either sued by a diverse party, or also subject to a claim arising under federal law, would have different protections than those sued by Georgia residents.  See Burke, 252 F.3d at 1266 (applying state law where contrary result "would discriminate against the minor whose state law claim is settled in federal court 'solely because of the fortuity that there is diversity of citizenship between the litigants'") (internal citations omitted).

## II.   THE COURT'S ORDER SHOULD ALTERNATIVELY BE CERTIFIED FOR IMMEDIATE REVIEW.

A district court may certify an order for interlocutory appeal by including a statement in the order "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).[5]  The court may additionally stay the underlying

---

[5] See F.R.A.P. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the requested permission or statement.").

proceedings pending any appeal.  See <u>id.</u>  If the Court refuses to reconsider its

Order, it should do so here. [6]

### A. The Court's Order Involves a Controlling Question of Law as to Which There is Substantial Ground for Difference of Opinion.

Pursuant to 28 U.S.C. §1292(b), interlocutory appeal is available for any

order "involv[ing] a controlling question of law as to which there is substantial

ground for difference of opinion."   This is such an order.

As discussed fully above, the Court's Order concluded that O.C.G.A. §9-11-

11.1 is inconsistent of Rule 8 and therefore inapplicable in federal court.  This is

undeniably a "controlling question of law" for purposes of Section 1292(b).  <u>See</u>

<u>McFarlin v. Conseco Services, LLC</u>, 381 F.3d 1251, 1258 (11th Cir. 2004)

("question of law" refers to an issue involving the "meaning of a statutory or

constitutional provision, regulation or common law doctrine rather than to

….issues of material fact"); <u>Dial v. Healthspring of Alabama, Inc.</u>, 612 F.Supp.2d

1205, 1208 (S.D. Ala. 2007) (requirement met where circuit court not required to

---

[6] While interlocutory certification under Section 1292(b) seems to be the most appropriate least disruptive means of review, <u>see</u> 15A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3911, at 369 (1992), precedent suggests the Court's Order might also properly be appealed under the collateral order doctrine.  Indeed, the <u>Adventure Outdoors</u> decision relied on by the Court, while ultimately decided by the Eleventh Circuit on other grounds, was appealed as a collateral order.  <u>See</u> Notice of Appeal, <u>Adventure Outdoors, Inc. v. Bloomberg, et al.</u>, Civ. Action No. 1:06-CV-2897-JOF, attached hereto as Exhibit A.

examine the claims pled, but only examine the interpretation of governing law, and provide "general relevance to other cases in the same area of law").

Moreover, there is "substantial ground for difference of opinion" as to the applicability of O.C.G.A. §9-11-11.1 in federal court.  This requirement is met unless the Eleventh Circuit is in "complete and unequivocal agreement with the district court."  McFarlin, 381 F.3d at 1258.  As the Eleventh Circuit has not addressed the issue, there is no such agreement.  See, e.g., Medassets, Inc. v. Fed. Ins. Co., 2010 WL 5437213, at *2 (N.D. Ga. Dec. 23, 2010) (criterion for certification satisfied where "issue is difficult and of first impression"); Dial, 612 F.Supp.2d at 1207 (requirement met where "the Eleventh Circuit has not addressed the issue [and] thus it cannot be in 'unequivocal agreement' with the district court") .

This requirement is also met where, as here, there is a split within the circuit. See Medassets, Inc., 2010 WL 5437213, at *2 (criterion for certification satisfied where "a difference of opinion as to the issue exists within the controlling circuit"). Other federal courts in Georgia have found that Georgia's anti-SLAPP statute is applicable in federal court.  See, e.g., Int'l Brominated Solvents Ass'n v. Am. Conference of Governmental Indus Hygienists, Inc., 2005 WL 1220850 (M.D. Ga. May 20, 2005);  Buckley v. DirecTV, Inc., 276 F.Supp.2d 1271, 1275 n.5 (N.D.

Ga. 2003);  AirTran Airlines, Inc. v. Plain Dealer Publishing, Co., 66 F. Supp.2d

1355 (N.D. Ga. 1999); Davis v. Wyeth, Inc., 2004 WL 3569806 (M.D. Ga. June

10, 2004).  See also In re Diet Drugs Products Liability Litig., 294 F.Supp.2d 667,

676 (E.D. Pa. 2003) (finding that Plaintiffs who failed to file verifications under

O.C.G.A. § 9-11-11.1 for Georgia state law claims had no colorable action in

federal court and were therefore fraudulently joined as parties).

It is reasonable to believe the Eleventh Circuit may agree, and conclude that

the anti-SLAPP statute is applicable here.  See, e.g., Cohen v. Office Depot, Inc.,

184 F.3d 1292, 1296 (11th Cir. 1999) (finding that Florida Statute § 768.72, which

requires a plaintiff to obtain leave of court before seeking punitive damages, was

not a "heightened pleading requirement" inconsistent with Rule 8) (vacated in part

on other grounds, 204 F.3d 1069 (2000)); Burke, 252 F.3d  at 1265-1266 (refusing

to find conflict between Federal Rule 17(c) (requiring appointment of guardians for

incompetents) and an Alabama law requiring a fairness hearing to settle the claims

of an infant even though "Alabama law imposes the *additional requirement* of a

fairness hearing") (emphasis added).

The Court's Order reinforces a conflict within the Circuit that the Eleventh

Circuit has not yet had the opportunity to resolve.  This is a prime case for

interlocutory review.

14

**B.     Immediate Appeal from the Order Would Materially Advance the Ultimate Termination of the Litigation.**

Allowing the Eleventh Circuit to address the applicability of the anti-SLAPP statute now "may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).  This requirement is met where the resolution of the question "serves to avoid a trial or otherwise substantially shorten the litigation."  McFarlin, 381 F.3d at 1259.

First, the anti-SLAPP statute applies to all causes of action targeting speech, and is applicable to each cause of action here.  See, e.g., Buckley, 276 F. Supp.2d at 1276 (dismissing claims of unfair trade practices, state RICO and stubborn litigiousness for failure to comply with the anti-SLAPP statute); Lovett v. Capital Principles, LLC, 300 Ga. App. 799, 802 (2009) (affirming dismissal of tortious interference claim under the anti-SLAPP statute); Hagemann v. Berkman Wynhaven Associates, L.P., 290 Ga. App. 677 (2008) (requiring imposition of sanctions for false verifications of tortious interference claims).

Accordingly, if the anti-SLAPP statute is applicable in this case, it is subject to dismissal.  Specifically, if applicable, Plaintiff and its attorney were required to file detailed verifications with the Complaint.  "If the claim is not verified as required by this subsection, it shall be stricken unless it is verified within ten days after the omission is called to the attention of the party asserting the claim."

O.C.G.A. § 9-11-11.1(b).  On November 8, 2010, Defendant called to Plaintiff's

attention its failure to supply the required verification.  (Doc. 13 at Ex. L).  The ten

days allowed by the statute have long passed.[7]

### C.   The Court Should Stay These Proceedings Pending Appeal.

Section 1292(b) affords both the district courts and circuit courts the power

to stay litigation pending an appeal.  See 28 U.S.C. §1292(b).  A review of the

caselaw confirms that stays are routinely granted in this Circuit.  See, e.g., Dial,

612 F.Supp.2d at 1208 (staying litigation pending Section 1292(b) appeal);

Williams v. AFC Enterprises, Inc., 2003 WL24100302, at *4 (N.D. Ga. Nov. 20,

2003) (same); Wilson v. Coman, 284 F.Supp.2d 1319, 1350 (M.D. Ala. 2003)

(same) Bryant v. Apple South, Inc., 25 F.Supp.2d 1372, 1383 (M.D. Ga. 1998)

(same); Leach v. Braswell, 804 F.Supp. 1551, 1556 (S.D. Ga. 1992) (same).

---

[7]  As discussed in Defendant's Reply Brief, should the Eleventh Circuit determine that Plaintiff should have been afforded the opportunity to amend its Complaint and add the verification, as the Court did in Int'l Brominated Solvents Ass'n v. Am. Conference of Governmental Indus Hygienists, Inc., 2005 WL 1220850 (M.D. Ga. May 20, 2005), it would still likely lead to the termination of this litigation.  Where a claim is nominally verified, a lawsuit that is "falsely verified" should be dismissed.  O.C.G.A. § 9-11-11.1(b).  For example, a verified complaint that targets a communication privileged under O.C.G.A. § 51-5-7 must be dismissed, notwithstanding the verification.  Harkins, 273 Ga. App. at 490. Because the speech complained of here is privileged, the verifications would be false and therefore "futile."  (Doc. 15 at 10-11).

In declining to apply the Georgia anti-SLAPP statute's verification requirement in these proceedings, the Court's Order denies Defendant substantive protections that the State of Georgia has put in place to protect the exercise of core First Amendment rights.  Georgia has determined that the exercise of speech and petition rights should not be burdened by legal action unless the plaintiff is willing, at the outset, to affirm that its claims do not challenge privileged speech and are not being advanced for improper purpose of suppressing such rights.

In this case, allowing the Eleventh Circuit to address the issue now would preclude Plaintiff from being able to skirt the requirements of the anti-SLAPP statute by filing in federal court and forcing Defendant to litigate protected claims. To minimize the associated harm to Defendant, a stay is appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendant Lee respectfully requests that the Court reconsider its July 18, 2011 Order and conclude that Plaintiff's claims are subject to, and in violation of, Georgia's anti-SLAPP statute.  Alternatively, Defendant requests that the Court certify its Order to permit an immediate interlocutory appellate review, and stay the case pending same.

Dated this 1st day of August, 2011.

FOR:  DOW LOHNES PLLC

s/Lesli N. Gaither
Peter C. Canfield
  Georgia Bar No. 107748
Thomas M. Clyde
  Georgia Bar No. 170955
Lesli N. Gaither
  Georgia Bar No. 621501

Six Concourse Parkway
Atlanta, Georgia 30328-6117
(770) 901-8800

Attorneys for Defendant Amanda Lee

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1</u>

This is certifying that the foregoing pleading was prepared using Times New

Roman 14 point in accordance with LR 5.1.

DATED:  August 1, 2011


s/Lesli N. Gaither
Lesli N. Gaither

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant Amanda Lee's Motion for

Reconsideration or, in the Alternative, to Certify Order for Interlocutory Appeal

and Memorandum in Support was served this 1st day of August, 2011, via the

Court's cm/ecf system, on the following:

        Karl S. Kronenberger
        Kronenberger Burgoyne, LLP
        150 Post Street, Suite 520
        San Francisco, CA 94108-4707
        karl@KBInternetLaw.com


        s/Lesli N. Gaither
        Lesli N. Gaither

20